UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>C. MARVIN WILBUR,<br>Defendant. | CASE NO. CR09-191-MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL |

This matter comes before the Court on Defendant Marvin Wilbur's motion for release pending his appeal due to his medical condition. (Dkt. No. 237.) Having reviewed the motion, the government's response (Dkt. No. 242), Defendant's reply (Dkt. No. 246), the government's surreply (Dkt. No. 248), and all related papers, the Court DENIES the motion.

**Background**

Wilbur pled guilty to conspiracy to traffic in contraband cigarettes and conspiracy to launder money in February 2010. (Dkt. No. 128 at 2.) Pending before the Ninth Circuit is his second appeal. Arguing the Bureau of Prisons is unable to provide sufficient monitoring and

care to address his medical condition, he moves for release pending that appeal. (Dkt. No. 246 at 2.)

The parties do no dispute the facts pertinent to this motion. Wilbur's 2010 guilty plea preserved his right to appeal certain pretrial orders. (Dkt. No. 128 at 12.) In March of 2012, the Ninth Circuit issued a 27-page opinion affirming, in part, and reversing, in part, Defendant's convictions. United States v. Wilbur, 674 F.3d 1160, 1182 (9th Cir. 2012). The case was remanded back to this Court for re-sentencing. (Id.) Before remand, Wilbur sought additional appellate review of certain due process arguments, filing a Petition for Rehearing with Suggestion of Rehearing En Banc for the Ninth Circuit. (Ninth Circuit Dkt. No. 58-1.) By order dated June 15, 2012, the panel denied Defendant's petition. (Ninth Circuit Dkt. No. 59.)

On remand, Wilbur filed a motion to vacate or in the alternative for leave to withdraw conditional guilty plea. (Dkt. No. 207.) This Court denied the motion, finding the Ninth Circuit had already considered and rejected the merits of Defendant's due process arguments, which were the basis of the motion to withdraw or vacate the plea. (Dkt. No. 207 at 1.) This Court then sentenced Wilbur to 12 months and one day of incarceration and restitution. (Dkt. No. 218.)

Wilbur reported to the Bureau of Prison's Federal Detention Center at SeaTac ("FDC"). Shortly after reporting to FDC, Defendant experienced medical problems that required hospitalization from January 17, 2013 to March 12, 2013. (Dkt. No. 238.) After Wilbur was discharged from a local hospital, the Bureau of Prisons designated Defendant as an inmate with special medical conditions (a level 3). Wilbur will soon be transferred to an institution that can meet his medical needs. (Dkt. No. 215.)

**Analysis**

A Court may order the release of a defendant pending appeal if that person was "found guilty of an offense and sentenced to a term of imprisonment" and if the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). An appeal raises a substantial issue of law or fact if the issue is one that is fairly debatable or fairly doubtful. United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985.) The Defendant bears the burden of proof. United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990).

Turning to the first requirement, the Court finds clear and convincing evidence Wilbur is not a flight risk or a danger to the community: the record showshe is 75 years old man who is in poor health and who needs near constant medical care and monitoring. (Dkt. Nos. 238, 239, 247.) Given these circumstances, combined with his lack of resources, the Court finds Wilbur is unlikely to flee if released.

On the second requirement, Defendant contends his appeal raises a significant issue of law because on remand, this Court should have applied the "fair and just" standard for withdrawal of a guilty plea, rather than the more stringent "manifest injustice" standard. (Dkt. No 191 at 3.) The Court disagrees and finds the issue is not one that is fairly debatable or doubtful because Defendant's position is based on a mischaracterization of the law in this Circuit. Wilbur argues the case relied on by this Court, United States v. Nagra, 147 F.3d 875 (9th Cir. 1998) for the manifest unjust standard is no long good law because it cited a case that

was over-ruled by United States v. Ruiz, 257 F.3d 1030 (9th Cir. 2001). He claims the Court should have applied Ruiz. (Dkt. No. 191 at 4.)

Wilbur's contention does not raise a substantial issue of law for his appeal. First, Nagra remains the law in this Circuit and has been favorably cited for the manifest injustice standard since Ruiz. See e.g. United States v. James, 98 Fed.Appx. 648, 650 (9th Cir. 2004.) Second, Nagra addressed the exact situation issue here: a motion to withdraw a guilty plea on remand when "reversal did not undermine the validity of the conviction." Nagra, 147 F.3d at 880. The Nagra Court explained, "there can be no manifest injustice in refusing to permit a defendant to withdraw a guilty plea when there is no serious contention that the defendant is innocent of the crimes charged." Id. Like Nagra, here, there is no serious debate Wilbur is guilty of the crimes charged when the Ninth Circuit has upheld the validity of his conviction and rejected his due process arguments that now underpin his motion to withdraw his guilty plea. The law in this Circuit remains the more stringent manifest injustice standard when a defendant seeks to withdraw a guilty plea on remand. Third, Wilbur wrongly identifies Ruiz as applying to the facts of this case. In Ruiz, the defendant sought to withdraw his guilty plea before sentencing when he learned of possibly exculpatory evidence. Id. at 1033. In contrast, here Wilbur sought to withdraw his guilty plea after he had already been sentenced once, had appealed, the Ninth Circuit, which ultimately upheld the basis for his conviction, and the case was simply remanded for re-sentencing. The lower standard articulated in Ruiz, does not apply here.

Even assuming *arguendo* the Court did apply the wrong legal standard, Wilbur fails to show appellate review of this error would likely result in reversal of his conviction, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence that is

less than the total appeal process. He makes no argument on this prerequisite for release under 18 U.S.C. § 3143(b).

Finally, the Court finds no basis to release Defendant when the Bureau of Prisons has provided and will continue to provide necessary medical care. The record shows the Bureau of Prisons responded to Defendant's medical needs by hospitalizing him, at considerable expense when the FDC-SeaTac was unable to provide the necessary care. (Dkt. No. 251) And, because the Bureau of Prisons is aware of Defendant's medical needs, it is in the best position to decide now on his placement at an appropriate facility. (Id.) Finally, the Bureau of Prisons is in the process of transferring Defendant to an institution that can provide the requisite level of medical care.

**Conclusion**

Because Wilbur failed to show his appeal raises a substantial issue of law, which if determined favorably to him will likely result in a reversal, a new trial, a sentence that does not include a term of imprisonment or a reduced sentence, this Court DENIES his motion for release pending appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 22nd day of March, 2013.

Marsha J. Pechman
Chief United States District Judge